IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID LAMAR JOHNSON, #255 052, <br>     Petitioner, <br><br> v. <br><br> STATE OF ALABAMA, *et al.*, <br><br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO.: 1:12-CV-1030-TMH <br> )                    [WO] <br> ) <br> ) <br> ) |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 5, 2012, the undersigned entered a Recommendation that Petitioner's application for habeas relief be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A). Petitioner filed an objection to the Recommendation on January 3, 2013. Upon thorough review of this pleading, the court concludes that Petitioner's objection is without merit. However, in the interest of justice, the court deems it appropriate to supplement its previous Recommendation in light of the contention raised by Petitioner in his objection.

In filing this action, Petitioner seeks to challenge his conviction for possession of a forged instrument in the second degree entered against him by the Circuit Court for Houston County, Alabama, on August 30, 2007. The trial court sentenced Petitioner on September 19, 2007, as a habitual offender, to 40 years imprisonment. After reviewing the petition as well as the records of this court, the court determined that Petitioner had previously filed a habeas corpus application under 28 U.S.C. § 2254 challenging the same 2007 Houston

County conviction as he seeks to challenge in the present matter. Petitioner filed the previous habeas petition on July 29, 2008. *See Johnson v. Giles, et al.*, Civil Action No. 1:08-CV-610-TMH (M.D. Ala. 2009). In that prior action, the court denied and dismissed with prejudice Petitioner's habeas application. *Id*. at Doc. Nos. 64, 71, 72. As a result, the court determined that the captioned action is successive under 28 U.S.C. § 2244(b)(3)(A) and has recommended its dismissal on this basis.

In his objection, Petitioner maintains that the court's Recommendation that the present action be dismissed as successive is arbitrary and conflicting because the court, in his prior habeas action–Civil Action 1:08-CV-610-TMH– determined that the challenges Petitioner sought to make to his conviction and sentence were not exhausted and dismissed the petition without prejudice in order to allow Petitioner to exhaust available state remedies. *See* Doc. No. 6. Contrary to Petitioner's assertion, however, the court, in Civil Action No. 1:08-CV-610-TMH, found that the claims presented in Petitioner's habeas petition were defaulted, that he failed to show cause and prejudice for his default, and that he failed to demonstrate that a miscarriage of justice would occur if the court did not reach the merits of his claims. *Id.* at Doc. No. 64. Accordingly, the court denied and dismissed the habeas application with prejudice. *Id.* and Doc. Nos. 71, 72.

In general, and with limited exceptions that do not apply here, a petition for habeas corpus is considered "second or successive" when a petitioner's first petition has already been dismissed on the merits. In such case, a second or subsequent petition is considered

"second or successive" even if it contains previously unexhausted claims. *Burton v. Stewart,* 549 U.S. 147, 153-54 (2007) (per curiam). In this regard, dismissal of a habeas corpus petition as procedurally defaulted constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)(A)'s second or successive petition requirements. *See, e.g.*, *Henderson v. Lampert,* 396 F.3d 1049, 1053 (9th Cir. 2005); *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001). Here, Petitioner's claims in his prior § 2254 petition were dismissed as procedurally defaulted. *See* Civil Action No. 1:08-CV-610-TMH (Doc. No. 64). The court's judgment in Petitioner's previous federal petition for a writ of habeas corpus, thus, constituted a denial on the merits and Petitioner's objection is devoid of any explanation as to why § 2244(b)(3)(A)'s statutory requirement does not apply to him in the instant proceeding.[1]

It is clear from the records of this court that the instant habeas application represents a successive challenge to Petitioner's 2007 conviction for possession of a forged instrument in the second degree entered against him by the Circuit Court for Houston County, Alabama. "Because this undertaking [is Petitioner's] second habeas corpus petition [challenging said conviction] and because he had no permission from [the Eleventh Circuit] to file a second

---

[1] The court notes that shortly after Petitioner filed CA No. 1:08-CV-610, he filed another habeas application. *See Johnson v. Giles, et al.*, Civil Action No. 1:-08-CV-696-TMH (M.D. Ala. 2008). In that petition, Petitioner sought to challenge his 2007 convictions on two counts of possession of a forged instrument in the second degree imposed upon him by the Circuit Court for Geneva County, Alabama. By order entered December 19, 2008, the court dismissed the petition without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies with respect to the challenged convictions. *See* Doc. Nos. 12, 19, 21, 22.

habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  In light of the foregoing, the Recommendation of the Magistrate Judge that the present petition for habeas corpus relief is due to be denied as successive under 28 U.S.C. § 2244(b)(3)(A) and this case summarily dismissed is due to be adopted and Petitioner's objection thereto is due to be overruled.

## II.  CONCLUSION

Accordingly, it is the Supplemental Recommendation of the Magistrate Judge that the December 5, 2012 Recommendation of the Magistrate Judge dismissing Petitioner's 28 U.S.C. § 2254 petition for habeas corpus relief as successive in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) (Doc. No. 4) be ADOPTED and Plaintiff's objection thereto (Doc. No. 7) be overruled.

It is further

ORDERED that on or before **January 30, 2013**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 16th day of January, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE